Richard J. CARTER,
Petitioner-Appellee,
Cross-Appellant,

v.

James A. LYNAUGH, Director, Texas Department of Corrections,
Respondent-Appellant, Cross-Appellee.

No. 86–2990
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1987.

Rehearing and Rehearing En Banc Denied Oct. 29, 1987.

Jim Mattox, Atty. Gen., Daniel Zemann, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant, cross-appellee.

Richard J. Carter, Jr., Love Lady, Tex., Robert A. Rowland, III, H. Michael Sokolow, Houston, Tex., for petitioner-appellee, cross-appellant.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

In this curious case, Texas appeals from the granting of habeas relief; and we reverse.

In 1979, appellee Carter pleaded guilty to the first-degree felony of aggravated robbery. As the result of a plea bargain, he received a ten-year sentence for that offense. In accordance with the bargain, however, imposition of the sentence was suspended; and Carter was placed upon ten years probation. His probation was revoked for later crimes and he sought and received habeas relief on grounds that his guilty plea to the original aggravated robbery was not knowing and voluntary and that his counsel in that proceeding was ineffective.

As to neither of these grounds can Carter show prejudice, a prerequisite to obtaining habeas relief. *Lockett v. Blackburn*, 571 F.2d 309 (5th Cir.), *cert. denied*, 439 U.S. 873, 99 S.Ct. 207, 58 L.Ed.2d 186 (1978). That his plea was not "knowing" because he chose a sentencing alternative that counsel failed to tell him did not exist was not prejudicial to him, for the state abode by its promise and he remained free on probation just as though that probation had been properly authorized by law. Had his probation been revoked because the authorities later realized that probation for such a crime as his was not authorized, he would have suffered prejudice. It was not, however, but rather because of his subsequent criminal conduct. Thus his counsel's ignorance—if such it was, and a blissful one, at that—that he was receiving a *lesser* penalty than the law allowed did him no harm, only good; and the fact that he chose probation although it was not properly available was the same—he got what he chose, the state stuck to its bargain, and matters worked out exactly as though the probation that he chose had been authorized. He has suffered no harm, indeed has gotten benefits to which he was not entitled; and he merits no relief.[1]

REVERSED.

---

1. Indeed, being at our last notice free on parole, he clings to habeas standing by his fingernails.