David Alberto ZAYAS, a/k/a Julio, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–00463–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 1, 1991.

Discretionary Review Refused Oct. 30, 1991.

James M. Leitner, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of not guilty before the jury to the charge of aggravated sexual assault. *See generally* TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The jury found appellant guilty and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life and a fine of $10,000. In four points of error, appellant asserts that he was denied effective assistance of counsel and that the trial court erred in (1) allowing evidence of an extraneous offense at the punishment stage, and (2) denying his motion for mistrial. We affirm.

On July 20, 1988, the complainant walked to a bus stop so that she could go to the drug store. The complainant is blind, and at the time of the incident, she was six months pregnant. As she reached the bus stop, the complainant heard appellant arguing with Ruth Marie Collins. Appellant had been drinking heavily. Ms. Collins noticed that the complainant was blind and pregnant, and was apprehensive about leaving her with the appellant at the bus stop. Nevertheless, Ms. Collins' bus came and she went on her way.

When the complainant's bus arrived, she got on the bus and told the bus driver where she wanted to go. Appellant also got on the bus and sat down near the complainant. The bus driver, Sandra Wad-

dle, was familiar with the complainant and knew that she was blind. Complainant got off the bus directly in front of the drug store, although appellant repeatedly tried to convince her that the bus driver had let her off at the wrong stop. Appellant got off the bus at the next stop.

As the complainant approached the drug store, the appellant walked up and told her that the drug store was far away. The complainant agreed to let appellant take her to the drug store. Appellant then escorted the complainant to an apartment and convinced her to go inside. Once inside, appellant threatened to kill the complainant if she did not have sexual intercourse with him. Appellant attempted to choke complainant with his belt and beat her with her cane before sexually assaulting her. Afterwards, appellant took the complainant back to her apartment complex and released her.

After reporting the incident to the police, the complainant was taken to a hospital for a rape kit examination. At the hospital, complainant complained of various injuries to her arms, legs, and breasts. Based upon descriptions provided by the complainant, Ms. Waddle, and Ms. Collins, appellant became a suspect. A photo spread was created from which Ms. Waddle and Ms. Collins positively identified the appellant. Appellant was then arrested and placed in a line-up. The complainant made a positive identification at the line-up based upon her recollection of the voice of her attacker. DNA testing also produced a match between appellant's blood and specimens taken from complainant's genital area and clothes.

■ In his first point of error, appellant asserts that the trial court erred in the punishment stage of the trial by allowing the prosecutor to inquire into a prior arrest that did not result in a final adjudication. Appellant filed an application for probation and during the punishment stage, proffered witness' testimony that he could abide by the terms and conditions of probation. On cross-examination, the prosecutor asked the second witness if he had heard that appellant had previously been arrested

for the offense of assault with bodily injury. Appellant objected on the basis that the offense referred to had not resulted in a conviction. The trial court overruled appellant's objection. We find no error in admitting the evidence.

At the punishment stage of the trial, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing. Tex.Code Crim.Proc.Ann. art. 37.07 § 3(a) (Vernon Supp.1991). This provision for admitting evidence "as to any matter the court deems relevant to sentencing" properly encompasses unadjudicated offenses, provided the court determines that the proffered unadjudicated offense is relevant under our Rules of Evidence. *Gallardo v. State*, 809 S.W.2d 540, 542–43 (Tex.App.—San Antonio 1991, pet. filed); *McMillian v. State*, 799 S.W.2d 311, 314 (Tex.App.—Houston [14th Dist.] 1990, pet. granted); *Huggins v. State*, 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd). We find that questioning appellant's witness about appellant's prior arrest for assault with bodily injury to be extremely relevant to the question of appellant's fitness for probation.

■ However, there is a more compelling reason for our holding that the trial court did not err in admitting evidence of the extraneous offense. An accused who initiates evidence, at the punishment stage, that he can comply with the law if placed on probation, has placed his suitability for probation in issue. *Griffin v. State*, 787 S.W.2d 63, 67 (Tex.Crim.App.1990). In doing so, appellant has "opened the door" to rebuttal evidence which may include proof of specific bad acts, article 37.07, § 3(a) notwithstanding. *Id.; Murphy v. State*, 777 S.W.2d 44, 67 (Tex.Crim.App.1988) (Opinion on rehearing). By tendering such evidence in the first instance, appellant has in effect consented to admission of specific acts of conduct to inform the jury's discretion in deciding whether to recommend probation. *Griffin*, 787 S.W.2d at 67 (quoting *Murphy*, 777 S.W.2d at 67). We overrule appellant's first point of error.

Appellant's second point of error asserts that the trial court erred in denying his motion for mistrial. While cross-examining the appellant during the guilt/innocence stage of the trial, the prosecutor asked appellant if he had ever been convicted of a misdemeanor involving theft. No objection to the question was lodged; rather, appellant's counsel asked permission to approach the bench. The arguments before the bench were outside the hearing of the court reporter and therefore not a part of the record before us. Thereafter, appellant asked that the question be stricken from the record. The trial court granted appellant's request and instructed the jury to disregard the question. The trial court then denied appellant's motion for mistrial.

On appeal, appellant argues that the trial court erred in denying his motion for mistrial because the question was improper, and that the error was so prejudicial that it could not be cured by the court's instruction to disregard. Specifically, appellant contends that the theft offense referred to was not a conviction. Instead, it was an offense for which he successfully completed a deferred adjudication probation. Since such evidence is admissible during the punishment stage only, *see* TEX.R.CRIM.EVID. 609; TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(c)(1) (Vernon Supp.1991); *see also Brown v. State,* 716 S.W.2d 939, 949–50 (Tex.Crim.App.1986), appellant argues, the prosecutor's question was improper.

■ In order for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection. *E.g., Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App. 1990). Here, the record contains no objection to the prosecutor's question. Even if we assume that an objection was lodged during the unrecorded bench proceedings, we have no way of knowing what legal basis was specifically asserted for the objection. Likewise, appellant presented no grounds for his motion for mistrial. Therefore, nothing is presented for review. *See Penry v. State,* 691 S.W.2d 636, 649–50 (Tex.Crim.App.1985). Furthermore, from our review of the record before us, we conclude that even if a proper objection was made, any error was cured by the trial court's instruction to disregard. *See, e.g., Brown v. State,* 692 S.W.2d 497, 501 (Tex. Crim.App.1985). Appellant's second point of error is overruled.

In his third and fourth points of error, appellant complains that he received ineffective assistance of counsel at trial. Ineffective assistance of counsel claims must be evaluated under the two part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). The first prong of the *Strickland* test requires appellant to show that his counsel's performance was so deficient as to fall below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. The second prong requires appellant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■ Appellant has the burden of proving both deficient performance by counsel and prejudice to the defense, and if he fails to satisfy either element of the *Strickland* test, his ineffective assistance of counsel claim must be denied. *See, e.g., Rico v. State,* 707 S.W.2d 549, 556 (Tex.Crim.App. 1983). Accordingly, in evaluating appellant's claim, it is not necessary for this court to address both components of the *Strickland* test if appellant has made an insufficient showing on one of the elements. *See id.* The object of an ineffectiveness claim is not to grade counsel's performance, and if a claim may be disposed of on the ground of lack of sufficient prejudice, that course should be followed. *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069–70, 80 L.Ed.2d 674 (1984)).

■ Appellant's third point of error asserts that he was denied effective assistance of counsel since his trial counsel allowed him to be cross-examined about statements made to a court appointed psychologist during a joint competency/sanity

evaluation. Appellant argues that since the evidence is absolutely inadmissible for any purpose under TEX.CODE CRIM.PROC. ANN. art. 46.02, § 3(g) (Vernon 1979), his trial counsel's failure to object to the admission of the evidence fell far below an objective standard of reasonableness. As the only issue at trial was consent, appellant continues, allowing evidence of statements made to the psychologist concerning his intoxication and inability to remember the circumstances of the incident completely destroyed any chance of the jury believing his defense.

Assuming *arguendo* that trial counsel's failure to object fell below the range of professionally competent assistance, we conclude that there is no reasonable probability that the result of the trial would have been different had appellant's counsel objected to the prosecutor's line of questioning. First, we note that evidence of appellant's intoxication at the time of the offense was already before the jury through the testimony of other witnesses. Further, appellant qualified his testimony regarding his statement to the psychologist that he could not remember the circumstances of the incident, by testifying that he told the psychologist this only because he did not want to talk to him at all. Moreover, appellant repeatedly told the jury that he lies, and that he in fact lied to the complainant in his attempts to seduce her. The evidence of appellant's guilt in this case is overwhelming. For these reasons, we hold that appellant has failed to show prejudice under the second prong of the *Strickland* test. Appellant's third point of error is overruled.

■ In his fourth point of error, appellant asserts that he was denied effective assistance of counsel because his trial counsel allowed the State to prove, by way of hearsay, that positive identifications were made by persons who did not testify at trial. During the State's case in chief, the prosecutor questioned Officer Manual Zamora concerning the photograph spread that he presented to individuals at a convenience store near the bus stop. Without saying who they identified, the officer testi-fied that the individuals all made positive identifications. Appellant argues that his trial counsel was ineffective for failing to object to the officer's testimony as "back-door hearsay" under *Schaffer v. State*, 777 S.W.2d 111 (Tex.Crim.App.1989). Appellant complains that the unprofessional error prevented a fair litigation of the facts at trial.

We find no need to address the first prong of the *Strickland* test, as appellant has failed to establish any prejudice under the second prong. The complainant, Ms. Collins, and Ms. Waddle made out of court identifications of the appellant. Evidence of these identifications was presented to the jury. Ms. Waddle and Ms. Collins also made in court identifications of the appellant. Moreover, positive DNA testing results were presented to the jury. Even if appellant chose not to testify, this evidence would be sufficient to show that there is no reasonable possibility that the result of the trial would have been different absent the deficient representation. However, appellant did testify, and in doing so, admitted having sexual intercourse with the complainant. Since the identification of the perpetrator was not an issue in the trial, appellant has failed to show prejudice under the second prong of the *Strickland* test. Appellant's fourth point of error is overruled.

Accordingly, the judgment of conviction is affirmed.