Jesus MENDEZ, Jr., Petitioner–
Appellant,

v.

James A. COLLINS, Director, Texas De-
partment of Criminal Justice, Institu-
tional Division, Respondent–Appellee.

No. 91–2054.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1991.

Jesus Mendez, Jr., pro se.

Elizabeth Elleson, Asst. Atty. Gen., Dan
Morales, Atty. Gen., Austin, Tex., for re-
spondent-appellee.

Before GOLDBERG, SMITH, and
DUHÉ, Circuit Judges.

PER CURIAM:

The sole issue presented in this appeal is
whether the trial court's instruction to the
jury pertaining to good time credit and
parole eligibility infected the sentencing
phase of petitioner's trial.

The jury charge at issue instructed the
jury that:

> Under the law applicable in this case,
> the defendant, if sentenced to a term of
> imprisonment, may earn time off the sen-
> tence imposed through an award of good
> conduct time. Prison authorities may
> award good conduct time to a prisoner
> who exhibits good behavior, diligence in
> carrying out prison work assignments,
> and attempts at rehabilitation. If a pris-
> oner engages in misconduct, prison au-
> thorities may also take away all or part
> of any good conduct time earned by the
> prisoner.

The charge continued with an instruction
on parole and concluded:

> You may consider the existence of pa-
> role law and good conduct time. How-
> ever, you are not to consider the extent
> to which good conduct time may be
> awarded to or forfeited by this particular
> defendant. You are not to consider the
> manner in which the parole law may be
> applied to this particular defendant.

The jury sentenced the defendant to a term
of incarceration of sixty (60) years.

In a post-conviction state habeas proceed-
ing, petitioner submitted the affidavits of
two jurors in which they declare that "[b]e-
cause the jury was instructed on the exist-
ence of the parole law, said jury discussed
and determined that Mr. Mendez should
serve twenty (20) years or one third (⅓) of
his sentence before becoming eligible for
parole." The state courts denied him re-
lief, following which, he pursued this collat-
eral attack. The district court below, fol-
lowing the recommendation of the United
States Magistrate Judge, held that the in-
structions did not amount to a constitution-
al violation.

In *Day v. Collins,* (5th Cir. June 19,
1991) [936 F.2d 569 (Table)] (per curiam)
(unpublished opinion), we held that the in-
struction at issue in this case, pertaining
specifically to parole, is not a constitution-
ally infirm instruction. Slip op. at 3–5 (cit-
ing *California v. Ramos,* 463 U.S. 992,
1004–05, 103 S.Ct. 3446, 3455–56, 77

L.Ed.2d 1171 (1982) (death penalty case) and *Applewhite v. Lynaugh*, No. 88–2968, slip op. at 2 (5th Cir. July 5, 1989) [880 F.2d 411 (Table)] (Smith, J.) (unpublished opinion)). We believe that *Day* controls the instant appeal. *See also King v. Lynaugh*, 850 F.2d 1055, 1061 (5th Cir.1988) (en banc) (commenting that the Supreme Court in *California v. Ramos* determined "that a jury instruction on a capital defendant's eligibility for parole or commutation of sentence does not raise a constitutional issue").

The juror affidavits indicate that the *parole* portion, not the *good time credit* aspect of the charge affected the verdict. We find no merit, therefore, in petitioner's claim that the good time credit instruction, held by the Texas Court of Criminal Appeals to be an "erroneous and misleading" instruction, *Rose v. State*, 752 S.W.2d 529, 534 n. 6 (Tex.Cr.App.1987), adversely affected petitioner's sentence. *See id.* at 537 and n. 10 (applying a harmless error analysis).

The judgment below is AFFIRMED.