Carlos ROBLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00425–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 7, 1992.

Peter W. Lewis, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Kim Ogg, Asst. Dist. Attys., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE,[1] JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a conviction for voluntary manslaughter. A jury found appellant, Carlos Robles, guilty and assessed punishment at 20–years confinement and a fine of $10,000. We affirm.

Background

On April 23, 1990, at approximately 12:30 a.m., appellant, who was employed as a maintenance man with the Twin Pines Apartments located at 1113 West 25th Street, received a complaint about loud music in the parking lot. Before investigating the complaints he received, appellant borrowed a gun from another resident. Appellant testified that he did not intend to shoot or kill anyone, but had borrowed a gun for his own protection.

Appellant, who was accompanied by two friends, found a group of men standing around a parked car drinking beer and listening to a radio. Tomas Alberto Rodriguez, the decedent, was among the group standing around the car. When appellant approached the group, he spoke with the decedent and explained that he had received some complaints about the loud music. According to appellant, the decedent responded with obscenities and asked appellant if he was going to call the police. As appellant turned to walk away, he heard the decedent tell one of the other men to "get the gun out of the car." Appellant testified that at this point, he drew his gun because he was in fear for his life. Appellant shot at the ground as a warning, but the decedent charged forward and began attacking him. During a struggle with the decedent and others, appellant fired two more times. The decedent was struck once in the chest and in the left shoulder.

Sufficiency of the evidence

■ In his first point of error, appellant argues the evidence is insufficient to support a conviction for voluntary manslaughter. Appellant argues that because eyewitnesses did not identify the individual in any of the autopsy photographs, as the Tomas Alberto Rodriguez they saw appellant shoot, the State failed to prove that the decedent was the person named in the indictment as the complainant. In other words, the State failed to show that Tomas Alberto Rodriguez who was shot by appellant is the same Tomas Alberto Rodriguez who was determined by the medical examiner to have died from two gunshot wounds.

The testimony of eyewitnesses establishes that appellant shot a man named Tomas Alberto Rodriguez. The Harris County medical examiner testified that an autopsy was performed on the body of a man who died at the time and location in question, and the cause of death was two gunshot wounds. Officer B. Trumble testified that in the early morning hours of April 23, 1990, she was called to a homicide scene at the Twin Pines Apartments located at 1113 West 25th Street. As a crime unit investigator, her function was to identify and collect the physical evidence from the crime scene. Trumble testified that as part of this function, she video taped and photographed the scene. Trumble later prepared a crime scene diagram from the video and photographs.

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Trumble testified she arrived on the scene and began to photograph an individual she found lying on the ground with gunshot wounds to the chest and left shoulder. Trumble identified the individual photographed as the decedent, Tomas Alberto Rodriguez. At trial, Trumble identified State's exhibits 3 through 17 as the photographs from the crime scene taken on April 23, 1990. Trumble also identified the photographs that were taken on April 24, 1990, at the medical examiner's office. As noted above, Trumble took the photographs at the scene. She also testified that she was present when the photographs were taken of the decedent at the medical examiner's office. Trumble testified that the autopsy photographs accurately depicted the individual in the photographs from the crime scene that she took in the early morning hours of April 23, 1990, at the Twin Pines Apartments, located at 1113 West 25th Street. The State's exhibits 3 through 17 were then admitted into evidence.

Standard of review

The standard of review regarding the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Rogers v. State*, 795 S.W.2d 300, 303 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). We must take each case and review the entire body of evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239. Thus, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except the guilty of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex. Crim.App.1984); *Brown v. State*, 792 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1991, no pet.). Proof that amounts only to a strong suspicion or mere probability is not sufficient to support a conviction.

*Moore v. State*, 640 S.W.2d 300, 302 (Tex. Crim.App.1982). If the evidence leaves any reasonable doubt about the guilt of the accused, we cannot sustain a conviction. *Jackson*, 443 U.S. at 317–18, 99 S.Ct. at 2788. Every circumstantial evidence case must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

After viewing the evidence, it is clear the evidence is sufficient to support the trier of fact's finding that, beyond a reasonable doubt, appellant committed the offense of voluntary manslaughter of the complainant, Tomas Alberto Rodriguez. *Johnson*, 673 S.W.2d at 195; *Brown v. State*, 792 S.W.2d 193, 1946r (Tex.App.—Houston [1st Dist.] 1991, no pet.).

Appellant's first point of error is overruled.

Evidence of an extraneous offense

■ In his second point of error, appellant argues the trial court erred by admitting evidence of an unadjudicated extraneous offense, during the punishment phase of trial. Over appellant's objection, the State introduced evidence that appellant assaulted a fellow inmate in jail following his arrest.

Appellant filed an application for probation and, during the punishment phase of trial, objected to the testimony of Officer Autrey Looney. The trial court excused the jury and allowed Looney to testify that appellant, while in jail awaiting trial for the instant offense, participated in physically assaulting a fellow inmate. Looney testified that he interviewed appellant as part of his investigation of the assault, and that appellant admitted to participating in the assault. The trial court concluded that Looney's testimony was relevant to appellant's suitability for probation and allowed Looney to testify in the presence of the jury. Appellant contends the trial court erred in admitting this testimony.

Prior to September 1, 1989, unadjudicated extraneous offenses were inadmissible during the punishment phase of trial. *Murphy v. State*, 777 S.W.2d 44, 46–47

(Tex.Crim.App.1988); TEX.CODE CRIM. P.ANN. art. 37.07, § 3(a).[2] Effective September 1, 1989, however, the legislature amended the Code of Criminal Procedure as follows:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant *as to any matter the court deems relevant to sentencing,* including the prior criminal record of the defendant, his general reputation and his character.

TEX.CODE CRIM.P.ANN. art. 37.07 (Vernon Supp.1992) (emphasis added.) The only change in section 3(a) was the addition of the emphasized language.

Under the amended version of article 37.-07, section 3(a), extraneous unadjudicated offenses have been held admissible during the punishment phase. *Rexford v. State,* 818 S.W.2d 494, 496 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd); *Gallardo v. State,* 809 S.W.2d 540, 541–42 (Tex.App.—San Antonio 1991, pet. granted); *Hubbard v. State,* 809 S.W.2d 316, 319–20 (Tex. App.—Fort Worth 1991, pet. granted); *McMillian v. State,* 799 S.W.2d 311, 314 (Tex.App.—Houston [14th Dist.] 1990, pet. granted); *Huggins v. State,* 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd). Two courts have held such evidence inadmissible. *Grunsfeld v. State,* 813 S.W.2d 158, 171 (Tex.App.—Dallas 1991, pet. granted); *Blackwell v. State,* 818 S.W.2d 134 (Tex.App.—Waco 1991, pet. filed).

In *Rexford,* this Court held that, by adding the language "any matter the court deems relevant to sentencing," the legislature expanded admissible evidence beyond the defendant's prior criminal record, his general reputation, and his character. Thus, at the punishment phase of trial, evidence of unadjudicated extraneous offenses may be admitted if the court determines that the evidence is relevant under our Rules of Criminal Evidence. *Rexford,* 818 S.W.2d at 497; *Zayas v. State,* 814

S.W.2d 509, 511 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401; *see McMillian,* 799 S.W.2d at 313. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay or needless presentation of cumulative evidence. TEX.R.CRIM.EVID. 403; *see McMillian,* 799 S.W.2d at 313.

A recent attack on a fellow inmate is certainly relevant to appellant's ability to successfully serve probation. No rule 403 objection was made or urged on appeal.

We overrule appellant's second point of error.

Reputation testimony

■ In his third point of error, appellant argues the trial court abused its discretion when it allowed the State to offer testimony that appellant had a bad reputation seven years ago when appellant was 13 years old. Appellant contends that reputation evidence that is seven years old is too remote to be probative of his current reputation.

During punishment, Roger Haseman, an assistant district attorney with Harris County, testified that he had come to know appellant in 1984, and that he knew appellant's reputation at the time to be bad for being peaceful and law abiding. Appellant does not challenge Haseman's competency to testify as a reputation witness. Instead, appellant argues his reputation for being a law-abiding citizen at age 13 is not probative of his present reputation at age 20 and that Haseman's testimony is based in part upon his juvenile history. We disagree.

In *Anderson v. State,* 717 S.W.2d 622, 632–33 (Tex.Crim.App.1986), the defendant argued the trial court erred at punishment when it admitted testimony about his reputation for being peaceful and law abiding,

**2.** Act of 1981, 67th Leg., R.S., ch. 639, § 1, 1981 Tex.Gen.Laws, 2466, *amended by,* Act of June

15, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex.Gen.Laws 3492, 3492.

because the testimony was based on events too remote in time to show his current reputation. The Court of Criminal Appeals held that it is not necessary for the State to prove that its witness based his opinion, of the appellant's reputation for being peaceful and law abiding, upon only current observation and conversations with other members of the community. *Id.*

In the instant case, the record shows that the State established that Haseman was qualified to testify as a reputation witness. Haseman testified only to what he knew appellant's reputation to be, based on his observation and conversations with members of the community.

■ At the punishment stage, the State may properly offer evidence as to the prior criminal record of the defendant, his general reputation, and his character. TEX. CODE CRIM.P.ANN. art. 37.07 (Vernon Supp. 1992). The prior character of a defendant for being peaceful and law abiding is some evidence of his present character. Thus, testimony regarding prior character is admissible if it is not so remote as to have no probative value in indicating present character. *Nethery v. State,* 692 S.W.2d 686, 706 (Tex.Crim.App.), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). The question of remoteness rests in the sole discretion of the trial court. *Id.* at 706; *Davis v. State,* 545 S.W.2d 147, 150 (Tex.Crim.App.1976). In addition, objections based upon remoteness go to the weight, not the admissibility, of the testimony. *Nethery,* 692 S.W.2d at 706. We hold that Haseman's testimony was admissible to show appellant's reputation for not being peaceful and law abiding.

Appellant also asserts that Haseman's testimony clearly informed the jury about appellant's juvenile adjudication. Article 37.07, section 3(a) provides that evidence of an adjudication of delinquency based on a violation by the defendant of a penal law of the grade of felony is admissible at the punishment unless:

(1) the adjudication is based on conduct committed more than five years before the commission of the offense for which the person is being tried; and

(2) in the five years preceding the date of the commission of the offense for which the person is being tried, the person did not engage in conduct for which the person has been adjudicated as a delinquent child or a child in need of supervision and did not commit an offense for which the person has been convicted.

The record reflects that the State did not present any evidence of a prior adjudication of delinquency. The fact that appellant was a juvenile when his reputation became known to the witness will not affect the admissibility of that testimony. *Anderson,* 717 S.W.2d at 633.

Appellant's second point of error is overruled.

Jury instruction on good conduct time and parole law

In his fourth, fifth, and sixth points of error, appellant argues the trial court erred by instructing the jury that it could consider the existence of good conduct time and parole in assessing appellant's punishment. Appellant contends the instruction was not authorized by constitutional amendment and violated his state constitutional right to due course of law and the constitutional doctrine of separation of powers.

■ Appellant relies on *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987), to support his position. In *Rose,* the Court of Criminal Appeals declared former article 37.07 of the Code of Criminal Procedure unconstitutional because it violated the separation of powers doctrine and the right to due course of law. *Id.* at 552. In response to *Rose,* the Texas Legislature amended article IV, section 11(a) of the Texas Constitution and reenacted article 37.07.[3] Thus, a jury charge that includes a parole instruction is no longer unconstitutional. *Madison v. State,* 825 S.W.2d 202, 207 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The *Rose* holding is inapplicable to cases tried after the effective date of the amendment of article IV, section 11(a), No-

---

**3.** Act of May 17, 1989, 71st Leg., R.S., ch. 103, § 1, 1989 Tex.Gen.Laws 442, 442–43.

vember 7, 1989. *Madison,* 825 S.W.2d at 207; *Edwards v. State,* 807 S.W.2d 338, 340 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

■ Appellant's trial took place after the effective date of the constitutional amendment and the reenactment of section 4 of article 37.07. Moreover, the trial court's charge tracks the language of TEX.CODE CRIM.P. art. 37.07, § 4(a) (Vernon Supp. 1992). Appellant, however, contends the instruction given in the instant case exceeds the authority given to the legislature by the amendment to article IV, section 11(a) of the constitution because article 37.07 uses the word "consider," but section 11(a) uses the word "inform." We disagree.

This Court addressed the same contention in *Madison,* where we said that article 37.07 allows a trial court to inform the jury of the effect of good conduct time and parole and instructs them not to consider how those laws would be applied to the case under consideration. A general instruction that the jury may consider good time and parole merely acknowledges that the jury was informed of the existence and operation of these laws. *Madison,* 825 S.W.2d at 207. Thus, such a general instruction does not offend the constitution. *Id.*

■ Appellant also argues the constitutional amendment to article IV, section 11(a) violates appellant's state constitutional right to due course of law and the doctrine of separation of powers. Again, we disagree.

■ An accused is not denied due course of law by the constitutionally permitted and legislatively mandated parole charge set out in article 37.07, section 4. *Taylor v. State,* 827 S.W.2d 538, 540 (Tex. App.—Houston [1st Dist.], n.p.h.) (not yet reported); *Madison,* 825 S.W.2d at 208. Moreover, under the constitutional amendment to article IV, section 11(a), the judiciary is expressly empowered to inform juries about the effect of good conduct time and eligibility for parole. *Edwards,* 807 S.W.2d at 341. As such, article 37.07

withstands constitutional scrutiny. *Madison,* 825 S.W.2d at 207–208. Article 37.07, section 4 is expressly authorized through article IV, section 11(a), by virtue of constitutional amendment, mandated by the people of Texas. *Madison,* 825 S.W.2d at 207–208.

Appellant's fourth, fifth, and sixth points of error are overruled.

The judgment is affirmed.