**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-40235
Summary Calendar
_____

RICHARD ALLEN PAZ,

Petitioner-Appellant,

VERSUS

WAYNE SCOTT, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-V-91-58)
_____
(September 21, 1995)

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Allen Paz challenges the district court's rejection of his §
2254 petition.  We affirm.

I.

A Texas jury convicted Richard Allen Paz of the aggravated
robbery of Margaret Totah.  The jury assessed punishment at 99
years imprisonment and a $3000 fine.

---

[1]  Local Rule 47.5 provides:  "The publication  of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Following an unsuccessful direct appeal and two state habeas applications, Paz filed a federal habeas petition. The district court denied relief but granted CPC.

## II.

Paz raises several issues on appeal. As to each issue, this Court looks to whether the petitioner has shown a federal constitutional violation and prejudice. 28 U.S.C. § 2254(a); Carter v. Lynaugh, 826 F.2d 408, 409 (5th Cir. 1987). Errors of state law and procedure are not cognizable unless they result in the violation of a federal constitutional right. Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988).

## A.

Paz argues first that the evidence was insufficient. In reviewing his claim, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

In Texas, aggravated robbery occurs when, "in the course of committing theft . . . and with intent to obtain or maintain control of the property," one (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Pen. Code Ann. § 29.02(a) (West 1994). The robbery is aggravated if the perpetrator "(1) causes serious bodily

injury to another [or] (2) uses or exhibits a deadly weapon."  Tex. Pen. Code Ann. § 29.03(a) (West 1994).

At trial, Mr. Leslie Montag, the owner of a Victoria, Texas, grocery store, testified that a lone male with a silver gun robbed him at about 12:30 p.m. on January 10, 1987.  Montag gave him about $1900 in cash, some of which was in a wrapper bearing the name of H.E.B. supermarkets.  Margaret Totah, the desk clerk of a motel in Victoria, testified that, less than an hour later, a lone male with a silver gun robbed her.  She gave him the cash in her drawer and a yellow, signed and dated bank deposit envelope.  Upon the robber's exit from the motel, Totah and others looked out of a window.  They saw a gray sports car with a dark top speed away towards Houston.  They called police.  About a half hour later at a point that was about a 25-minute drive from Victoria, police observed a car matching the description of the car that had sped away from the motel.  A license plate search revealed that the car had been stolen.  The stolen car sped away from police officers, leading them on a long, high-speed chase.  Finally, the police apprehended Paz, who was the driver of the gray sports car, and John Deaton, who was the passenger.

Totah identified Deaton as the man who robbed her.  Totah's yellow bank envelope and a silver gun that was similar to the one used in the two robberies were in the car.  Paz had on his person money bound in an H.E.B. wrapper.  Montag identified the bundle as the one that the robber took from him.

This evidence clearly connects Paz to the robbery and the fact that it is only circumstantial does not make the jury's conclusion that Paz is guilty an irrational one. Accordingly, we find the evidence sufficient to support Paz's conviction for aggravated robbery.

## B.

Paz argues next that he should not have been tried as a party to the aggravated robbery because there was no proof that he, rather than Deaton, used or exhibited a deadly weapon.

The Texas law of parties abolishes all distinctions between accomplices and principals, providing that each party to an offense is criminally responsible. Tex. Pen. Code Ann. § 7.01 (West 1994). Paz's argument challenges the state legislature's allocation of criminal responsibility. However, matters of state law do not form the basis for federal habeas relief. See, Bridge, 838 F.2d at 772.

## C.

Paz argues next that the trial court improperly instructed the jury about parole. Whether to instruct the jury about parole is a matter of state law that does not implicate the federal constitution. Simmons v. South Carolina, 114 S. Ct. 2187, 2195-96 (1994); Mendez v. Collins, 947 F.2d 189 (5th Cir. 1991).

## D.

Paz also argues that trial counsel was ineffective. To demonstrate ineffectiveness of counsel, Paz must establish that counsel's performance fell below an objective standard of reasonable competence and that he was prejudiced by his counsel's

4

deficient performance.  <u>Lockhart v. Fretwell</u>, 113 S. Ct. 838, 842 (1993).

First, Paz argues that counsel did not investigate or interview potential witnesses, some of whom Paz names and some of whom he does not.  To demonstrate prejudice on such a claim, a petitioner must show that the witnesses' testimonies would have been favorable to him and that those individuals would have been willing to so testify.  <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir. 1985).  Paz has made no showing of what these witnesses would have said and that they would have been willing to testify.

Second, Paz argues that counsel failed to rebut the state's evidence as to when the robbery occurred.  He argues that counsel did not attack witnesses' inconsistent testimonies indicating that the police spotted the car anywhere from 30 to 40 minutes after the Totah robbery.  The jury, which heard the evidence, obviously believed that Paz was a party to the robbery and Paz has not explained how slight discrepancies in time could have prejudiced him, other than to say that anything could have happened in that time.  Such speculation does not show prejudice.

Third, Paz argues that counsel failed to promote the theory that Deaton committed the robberies alone.  However, in closing argument, Paz's counsel told the jury that the state presented no direct evidence linking Paz to the robbery and no evidence that Paz "assisted or aided or encouraged Mr. Deaton in committing an aggravated robbery."  Counsel pointed out to the jury that the evidence did not show whether Paz was in the car when Deaton left

the scene of the robbery. She also noted that the evidence did not show when Paz got into the car in which he and Deaton were apprehended. Counsel concluded by asserting that the prosecutor was asking the jury "to guess that Mr. Paz helped Mr. Deaton commit this robbery. He's asking you to guess about it. That's not his burden. His burden is to prove it to you." As a result, we find that Paz's counsel did attempt to convince the jury that the state had not shown that Deaton did not commit the robbery alone.

The important part of this assertion by Paz and the legal issue that the district court certified for appeal concerns Texas law regarding the test for measuring the sufficiency of circumstantial evidence. At the time of Paz's trial, the sufficiency of circumstantial evidence was reviewed by looking to whether every reasonable hypothesis of innocence had been excluded. Carlsen v. State, 654 S.W.2d 444, 449 (Tex. Ct. Crim. App. 1983) (en banc) (reversed by Geesa v. State, 820 S.W.2d 154, 160-61 (Tex. Ct. Crim. App. 1991) (en banc) which applied the Jackson standard to all evidence). "Stated in the converse," the Carlsen court said, "if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." Id.

Paz argues that counsel should have developed the theory that Deaton acted alone so that the jury would have been able to infer his innocence from the evidence. As described above, however, counsel did develop that theory for the jury and Paz does not

6

identify any witness who could have developed that theory better. Paz has shown neither deficiency nor prejudice.

Fourth, Paz argues that counsel failed to request a jury instruction on the lesser included offense of robbery. In Texas, a lesser included offense instruction is required only when the lesser offense comes within the proof necessary for the greater offense *and* the record contains evidence that, if the defendant is guilty, he is guilty only of the lesser. <u>Alexander</u>, 775 F.2d at 600. In the instant case, the robbery was plainly aggravated by the exhibition of a deadly weapon. Paz does not want to be held responsible as a principal, but that issue, addressed above, is different from the question of whether a lesser included offense instruction was required. Under Texas law, it was not required and Paz has shown no deficiency or prejudice.

Fifth, Paz argues that counsel should have objected to the trial court's jury instruction on parole law. Paz was convicted in March 1987. In November 1987, the Court of Criminal Appeals held that the state statute providing for instructing the jury about parole violated the state constitution. <u>Rose v. State</u>, 752 S.W.2d 529 (Tex. Crim. App. 1987) (en banc). After <u>Rose</u>, Texas amended its constitution to permit the instruction of which <u>Rose</u> disapproved. <u>See</u> <u>Madison v. State</u>, 825 S.W.2d 202, 207 (Tex. Ct. App. 1992). Counsel was not deficient for failing to object on the basis of a rule that was not made until eight months after trial.

E.

Paz argues finally that his appellate counsel was ineffective for not challenging the sufficiency of the evidence and the jury's parole law instruction.  This claim fails because an "ineffective assistance of counsel" claim may not arise from counsel's performance in a discretionary appeal.  <u>Wainwright v. Torna</u>, 455 U.S. 586, 587 (1982); <u>Gray v. Lucas</u>, 710 F.2d 1048, 1061 (5th Cir. 1983).  In any case, the record shows that appellate counsel did challenge the sufficiency of the evidence.  <u>See</u> <u>Paz</u>, 749 S.W.2d at 630.  Also, appellate counsel was unable to attack the instruction about parole because it became the law only after Paz's first appeal and discretionary review is limited to the errors or reasoning of the Court of Appeals.

III.

For the reasons stated above, we affirm the district court's judgment dismissing Paz's habeas petition.

AFFIRMED.

8