David OAKLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–447–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 14, 1991.

Discretionary Review Granted
June 12, 1991.

Michael B. Charlton, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was found guilty by a jury of the felony offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1990). The jury found two enhancement paragraphs to be true and assessed punishment at ninety-nine years confinement in the Texas Department of Criminal Justice–Institutional Division. We affirm.

Appellant and a co-defendant entered a convenience store in southwest Houston where the complainant, a clerk, was working alone. Both of the appellant's pockets were stuffed with trash bags when he entered the store. Appellant walked toward the back of the store, situating himself in front of the storeroom door. The co-defendant, walking with a limp, approached the cash register and asked the clerk for a bandage. Meanwhile, a customer entered the store and asked the clerk for some cigarettes. The store clerk then walked from the cash register back to the storeroom to get the cigarettes. While the clerk was in the storeroom, the co-defendant pulled a gun on him and told him not to move or he would be killed. The customer then ran out of the store.

While the co-defendant held the clerk at gunpoint, the appellant walked into the storeroom where the cigarettes were kept and began to fill his trash bags with them. Appellant then told the co-defendant to shoot the clerk if he moved. After the appellant finished filling his trash bags with cigarettes, he left the storeroom and struck the clerk in the nose as he left. The appellant and the co-defendant then entered a car and drove away. The clerk was able to obtain the license number. Ten days later, the appellant and co-defendant were apprehended after identification of the getaway car. Later, after viewing two line-ups, the clerk made a positive identification of the appellant and the co-defendant.

■ In his first and second points of error, the appellant claims that the trial court erred in failing to grant appellant's request for a jury instruction on the lesser included offenses of robbery and theft. In determining whether an instruction on a lesser included offense is required, the lesser included offense must be included in the proof necessary to establish the offense charged, and there must be some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981).

■ Appellant asserts that on voir dire, the defense counsel for the co-defendant established that the clerk did not see the gun when it was first used against him. Appellant argues that based on this evidence, a jury could well have "disbelieved" the clerk's insistence that he could see the gun. Appellant bases his entire argument on the fact that when the co-defendant first entered the convenience store, his gun was not visible. According to the record, the co-defendant did not display his weapon until the clerk walked back to the storeroom where the cigarettes were kept. Evidence in the record clearly shows that a deadly weapon was exhibited, a necessary element of aggravated robbery. See TEX. PENAL CODE ANN. § 29.03(a)(2); *Rodgers v. State*, 744 S.W.2d 281, 283 (Tex.App.—Fort Worth 1987, pet. ref'd).

■ Appellant further asserts that there was evidence that the co-defendant, and not the appellant, hit the store clerk in the face. This is irrelevant as the state has charged the appellant with aggravated robbery under TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1990) and relied upon the definition of robbery in Section 29.-02(a)(2) of the Texas Penal Code which states that a person commits aggravated robbery when he places another in fear of eminent bodily injury or death. Appellant has not contested his conviction on the theory of parties. Here, the State's case demonstrated theft but also contained the additional elements necessary to support robbery under TEX.PENAL CODE ANN. § 29.02(a)(2), as alleged. Appellant has of-

fered no evidence that, if the appellant was guilty, he was guilty only of robbery or only of theft. *See Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App.1983). Appellant's first and second points of error are overruled.

In his third and fourth points of error, appellant claims that the trial court erred by instructing the jury that it may consider the effect of parole laws in its punishment deliberations. Appellant's case was tried on May 16, 1990, when the newly re-enacted version of TEX.CRIM.PROC.CODE ANN. art. 37.07 § 4 (Vernon Supp.1990) was in effect. On November 7, 1989, Texas voters approved an amendment to Art. IV, § 11 of the Texas Constitution. Tex.S.J.Res. 4, 71st Leg., 1989 Tex.Gen.Laws 6414. *See* Act of May 17, 1989, ch. 103, § 1, 1989 Tex.Sess.Law Serv. 442 (Vernon). This amendment, which authorized the re-enactment of TEX.CRIM.PROC.CODE ANN. art. 37.07 § 4(a) (Vernon Supp.1990), provides as follows:

> The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws *and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.*

Tex.Const. art. IV, § 11(a) (italics on portion added by the constitutional amendment).

Appellant contends that this amendment and resulting legislation, TEX.CRIM.PROC. CODE ANN. art. 37.07, § 4, violate Tex. Const. art. I, § 29 which provides:

> To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is accepted out of the general powers of government, and shall forever remain inviolate, and laws contrary thereto, or to the following provisions, shall be void.

Appellant further claims that the legislation enacted pursuant to that amendment is subject to the constraints of Tex.Const. art. I, §§ 13, 19.

▮ If possible, a statute must be construed in such a way as to uphold its constitutionality. *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980). The Legislature is presumed to have regarded the constitutional requirements in enacting laws. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978). Whenever an attack upon the constitutionality of a statute is presented for determination, the presumption is that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting it. *Id.* If a statute is capable of two constructions, one of which sustains its validity, this court will uphold the interpretation that sustains its validity. *Id.* The state legislature was empowered by this constitutional amendment to enact legislation allowing a court to inform jurors of the effect of good conduct time and parole. Appellant has failed to overcome the presumption that this legislation is constitutional.

▮ Appellant further claims that the giving of the parole instruction violated the due process clause of the Fifth Amendment to the United States Constitution. This claim is without merit. The United States Supreme Court has previously held that informing the jury of the defendant's chances for parole or clemency "did not render [such instruction] constitutionally infirm." *See California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983); *Allen v. State*, 761 S.W.2d 384, 386 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). This instruction did not contribute to the appellant's punishment under TEX.R. APP.P. 81(b)(2). *See Arnold v. State*, 786 S.W.2d 295 (Tex.Crim.App.1990). Appellant's third and fourth points of error are overruled.

▮ In his fifth point of error, appellant claims the evidence is insufficient to sustain one of the two theories submitted to the jury for its consideration. When confronted with such a challenge, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of facts could

have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). No objection was made to the portion of the jury charge which allowed the jury to find the appellant guilty as a party. The sufficiency of the evidence is to be measured by the charge to the jury. *Boozer v. State*, 717 S.W.2d 608, 610 (Tex.Crim. App.1984). Appellant concedes that the evidence is sufficient to show that the appellant is guilty as a party under the charge that was given to the jury. Therefore, the evidence is sufficient to support the verdict of guilty. *See Saunders v. State*, 794 S.W.2d 91 (Tex.App.—San Antonio 1990, writ granted). When evidence is sufficient to prove one of the two theories of a conviction, an appellate court need not consider whether the evidence is also sufficient to prove the alternative theory. *Aguirre v. State*, 732 S.W.2d 320, 325–26 (Tex.Crim. App.1987); *Vasquez v. State*, 665 S.W.2d 484, 487 (Tex.Crim.App.1984), *overruled on other grounds, Gonzales v. State*, 723 S.W.2d 746 (Tex.Crim.App.1987).

Appellant contends that because of *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988) the standard has changed. Appellant relies on *Mills* for the proposition that if it cannot be determined from a general verdict form on which of two alternative theories the jury based its verdict, the case must be reversed and remanded if the evidence is insufficient to sustain one of the alternatives. *Id.* This rule in *Mills*, is a repetition of the federal rule stated in earlier decisions by the United States Supreme Court in *Zant v. Stephens*, 462 U.S. 862, 881, 103 S.Ct. 2733, 2744, 77 L.Ed.2d 235 (1983); *Yates v. United States*, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957); and *Stromberg v. California*, 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931). It provided that, a general verdict need not be set aside if it can be shown that the jury found every element necessary to support a conviction on a sufficient ground. *United States v. Ochs*, 842 F.2d 515, 520 (1st Cir.1988); *Cf. Bailey v. State*, 532 S.W.2d 316, 322–23 (Tex.Crim.App.1975).

In *Aguirre v. State, supra*, the Court of Criminal Appeals rejected an argument similar to the one made by the appellant in this case. In its original opinion in that case, the Court of Criminal Appeals relied upon *Stromberg* in reversing the conviction. *Aguirre*, 732 S.W.2d at 322–23. However, on Motion for Rehearing, the full court rejected the original opinion and followed the rule which the appellant now attempts to persuade this court to reject. *Aguirre*, 732 S.W.2d at 326; *see also, Escobar v. State*, 773 S.W.2d 59, 60 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd). Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.