Gery KOBOS a/k/a Gary Kobas a/k/a Gary Kabos a/k/a Gary Kobos, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–00999–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1992.

Joseph Richard McGoey, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for violation of TEX. HEALTH & SAFETY CODE ANN. §§ 343.011 & 343.012 (Vernon 1991). Appellant was charged in the Harris County Justice Court with:

> allow[ing] a public nuisance, namely the keeping and storing of an unused, discarded, and abandoned object, namely, a vehicles [sic], which was not completely enclosed in a building and was visible from a public street, for ten days or more on premises in a neighborhood ... unabated after the thirtieth day after the date on which the defendant received notice to abate the aforesaid public nuisance from a Harris county official, namely, E.M. Clowers....

Appellant appealed to the County Criminal Court at Law No. 9 for a trial de novo pursuant to TEX.CODE CRIM.PROC.ANN. art. 45.10 (Vernon Supp.1991). In the county court, appellant moved to quash the Complaint on the basis that the underlying statute was unconstitutionally vague. When the court denied his motion, appellant pled nolo contendere and was fined $101.00 plus court costs. In his sole point of error, appellant asserts that the lower court erred in denying his motion to quash. We affirm.

The State asserts that the trial court was without authority to declare whether the statute was unconstitutional because service had not been made on the Attorney General of the State of Texas. In support of its argument, the State cites TEX.CIV.PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1986). This provision requires ser-

vice on the Attorney General when the constitutionality of a municipal ordinance is called into question. We find, however, that this argument has already been rejected. *See Ex parte Williams*, 786 S.W.2d 781 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). In *Ex parte Williams*, Justice Dunn noted that the Declaratory Judgments Act "has no application in criminal proceedings." *Id.* at 782. We also hold that service on the Attorney General is not required when a criminal defendant is questioning the constitutionality of a statute.

■ Appellant asserts that the terms "unused, discarded or abandoned" are vague because men of common intelligence may differ in their interpretations. As such, this resulting ambiguity could lead to unfettered discretion in the police officer to apply his own meaning. We must presume a statute is valid absent proof by the complaining party of its unconstitutionality. *See, e.g., Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Oakley v. State*, 807 S.W.2d 378, 381 (Tex.App.—Houston [14th Dist.] 1991, pet. granted). Moreover, if a statute has multiple interpretations, we will follow the interpretation which sustains its validity. *Id.*

During the hearing on appellant's motion to quash, the State elicited testimony from Mr. Kobos that seven vehicles parked on his property had not been driven during a period from several months to several years, and that they were presently incapable of being driven. Aside from those vehicles and a boat, appellant owned three trucks which were regularly being driven. Appellant testified that he had not discarded or abandoned the other vehicles, but rather that he used them for parts. Thus, according to his interpretation the vehicles were also not "unused" as he had a "use" for them from time to time.

■ The State agrees with appellant that some of the vehicles were not abandoned or discarded, but contends the evidence supported a finding that the vehicles were unused. Some courts have defined the word "use" to mean "to put or bring into action or service; to employ for or apply to

a given purpose." *See, e.g., Estate of Garza v. McAllen Indep. School Dist.*, 613 S.W.2d 526, 527 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.); *Beggs v. Texas Dep't of Mental Health & Mental Retardation*, 496 S.W.2d 252, 253 (Tex.Civ. App.—San Antonio 1973, writ ref'd). However, use of a motor vehicle is defined as "transportation of a person from one place to another." *Naranjo v. Southwest Indep. School Dist.*, 777 S.W.2d 190, 192 (Tex. App.—San Antonio 1989, writ denied). Motor vehicles were not manufactured for use as a spare parts inventory, they were intended for use as a method of transportation. Therefore, the customary meaning of "use" as applied to vehicles or anything else, should be that use for which they were manufactured or intended. We find that the statute is not vague, and we find that the appellant violated the statute.

We affirm the conviction of the trial court.