11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James Dannell Horton

Appellant

Vs.                   No.  11-02-00347-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted James Dannell Horton of aggravated robbery and assessed his
punishment at seven years confinement. 
We affirm.

Fiaz
Hussain testified that on September 12, 2001, he was working at the Quik Way
convenience store that his brother owned. 
Hussain stated that he arrived at work around 10:00 a.m. and that he was
alone at the counter.  Hussain said that
three men came into the store together. 
One of the men went toward the back of the store and asked to use the
restroom.  Hussain informed him the
store did not have a public restroom.  
Another of the men walked to the counter area and pulled a gun on
Hussain.  At that time, someone turned
out the lights in the store.  Hussain
asked the man with the gun not to shoot him. 
Hussain said that he would give the men whatever they wanted.  Hussain testified that the three men began
taking money, lottery tickets, and cigarettes. 


Hussain
identified appellant as one of the three men who entered the store.  Hussain said that appellant was the one who
asked to use the restroom.  Hussain
stated that after the other man pulled the gun on him, appellant came to the
counter area and began taking money and cigarettes.  Hussain said that the three men left the store after six or seven
minutes. 








Deputy
David Jones, with the Dallas County Constables Office, testified that on
September 12, he was on patrol when a pedestrian flagged him down and informed
him that someone was robbing the Quik Way convenience store.  Deputy Jones went to the convenience store
and he saw three men coming out of the store. 
The three men started running, and Deputy Jones chased them in his
vehicle.  Deputy Jones got out of his
vehicle and began pursuing the men on foot. 
The three men went in different directions, and Deputy Jones followed
one of them.  Other law enforcement
officials came to assist Deputy Jones in his pursuit of the individual.  Deputy James DeCoux caught appellant and
apprehended him.  Deputy DeCoux
testified that he found lottery tickets and money in appellant=s pockets. 


In his
sole point of error, appellant complains that the trial court erred in denying
his request for an instruction on the lesser included offense of theft.  A trial court must submit a jury instruction
on a lesser included offense if the offense is included within the proof necessary
to establish the offense charged and if there is some evidence in the record Athat would permit a jury rationally to find
that if the defendant is guilty, he is guilty only of the lesser offense.@  Arevalo
v. State, 943 S.W.2d 887, 889 (Tex.Cr.App.1997) (quoting Rousseau v.
State, 855 S.W.2d 666, 672‑73 (Tex.Cr.App.), cert. den=d,  510 U.S. 919 (1993));  see 
TEX. CODE CRIM. PRO. ANN. art. 37.09 (Vernon 1981).  In order to raise the lesser included
offense, the evidence must affirmatively raise the issue; it is not enough that
the jury could simply disbelieve Acrucial evidence pertaining to the greater offense.@   Bignall
v. State, 887 S.W.2d 21, 24 (Tex.Cr.App.1994).  Theft is a lesser included offense of aggravated robbery.  Bignall v. State, supra.  Therefore, we must determine whether there
is any evidence that appellant was only guilty of theft.  

Pursuant
to TEX. PENAL CODE ANN. ' 29.02 (Vernon 2003), a person commits the offense of robbery if in the
course of committing theft he intentionally, knowingly, or recklessly causes
bodily injury to another or intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.  A person commits the offense of aggravated robbery if he commits
robbery and uses or exhibits a deadly weapon. 
TEX. PENAL CODE ANN. ' 29.03(a)(2) (Vernon 2003).  








Appellant
gave a written statement to the police that was read to the jury.  In his statement, appellant said that he met
ADwaine@ and APeanut@ on the morning of the offense. 
Appellant said that they decided to go to the convenience store and, on
the way, ADwaine@ said that he was Afixing to hit the store.@  In his statement, appellant
said that ADwaine@ pointed a gun at the clerk. 
Appellant said that he took $300 from the store and that he received
some of the lottery tickets that ADwaine@ and APeanut@ took. 
Appellant argues that he should have received an instruction on the
lesser included offense of theft because his statement, as well as the
testimony at trial, shows that he did not use or exhibit a deadly weapon.  Appellant contends that his statement
establishes that he only took some cash and lottery tickets and is, therefore,
only guilty of theft.

The charge
authorized the jury to convict appellant as a party to the offense.  A person is criminally responsible as a
party to an offense if the offense is committed by the conduct of another for
which he is criminally responsible. 
TEX. PENAL CODE ANN. ' 7.01(a) (Vernon 2003).  A
person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense.  TEX. PENAL
CODE ANN. ' 7.02(a)(2) (Vernon 2003).   In determining whether a defendant
participated in an offense as a party, we may examine the events occurring
before, during, and after the commission of the offense; and we  may rely on actions of the defendant that
show an understanding and common design to commit the offense.  Ransom v. State, 920 S.W.2d 288, 302
(Tex.Cr.App.1994).  While mere presence
at the scene is not enough to sustain a conviction, such facts may be
considered in determining whether an appellant was a party to the offense.   Valdez v. State, 623 S.W.2d 317, 321
(Tex.Cr.App.1981).

The record
establishes that appellant knew that ADwaine@ planned to Ahit@ the convenience store before the three
entered the store.  The record shows
that appellant assisted in the robbery and took money from the convenience
store.  It  is undisputed that a gun was used in the commission of the
offense.  The record shows that
appellant acted as a party to the offense of aggravated robbery.  There is no evidence that appellant was only
guilty of theft.  Oakley v. State,
807 S.W.2d 378 (Tex.App. - Houston [14th Dist.] 1991), aff=d, 830 S.W.2d 107 (Tex.Cr.App.1992). 
Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

September 18, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.