PD-0665-15 & PD-0666-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/14/2015 2:00:26 PM
Accepted 7/15/2015 4:35:31 PM
ABEL ACOSTA
CLERK

**PD 0665-15 & 666-15**

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

_____

GREGORIO GUERRERO,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellee.*

_____

On Petition for Discretionary Review from the
First Court of Appeals in Nos. 01-13-00821-CR
and 01-13-00821-CR affirming the conviction
in cause numbers 1172094 & 1172095,
From the 339th District Court of Harris County, Texas

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

ORAL ARGUMENT NOT REQUESTED

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**JANI MASELLI WOOD**
Assistant Public Defender
Harris County, Texas
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Counsel for Appellant
July 14, 2015

FILED IN
COURT OF CRIMINAL APPEALS

July 15, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                              Mr. Gregorio Guerrero
                                        TDCJ# 01893089
                                        Clemens Unit
                                        11034 Hwy 36
                                        Brazoria, TX 77422


TRIAL PROSECUTOR:                       Mr. Joshua Phanco
APPELLATE PROSECUTOR                    Ms. Carly Dessauer
                                        Assistant District Attorney
                                        Harris County, Texas
                                        1201 Franklin, 6th Floor
                                        Houston, Texas 77002


DEFENSE COUNSEL AT TRIAL:               Mr. Brian Middleton
                                        7322 SW Fry #1980
                                        Houston, Texas 77074


PRESIDING JUDGE:                        Hon. Maria T. Jackson, Presiding Judge
                                        339th District Court
                                        Harris County, Texas
                                        1201 Franklin, 14th floor
                                        Houston, Texas 77002


DEFENSE COUNSEL ON APPEAL: Mrs. Jani Maselli Wood
                                        Assistant Public Defender
                                        Harris County, Texas
                                        1201 Franklin, 13th Floor
                                        Houston, Texas 77002

# TABLE OF CONTENTS

**PAGE**

Identity of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Statement of Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Ground for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

     The Court of Appeals determined that the constitutional challenge to
     the comprehensive rehabilitation court cost  could not be raised for the
     first time on appeal.  The basis for the challenge was not available to Mr.
     Guerrero until three weeks after the judgment was signed.  Did the
     Court of Appeals err in refusing to consider a challenge that was only
     available post-trial, in derogation of *Landers v. State*?. . . . . . . . . . . . . . . . . .  7

Reasons for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

     The Court of Appeals held error was waived. . . . . . . . . . . . . . . . . . . . . . .  8
     The error was preserved based upon precedent from this Court. . . . . . . . . .  9
     No objection was necessary in the trial court. . . . . . . . . . . . . . . . . . . . . . .  10

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

INDEX OF AUTHORITIES

PAGE

**Cases**:

*Cardenas v. State*,
    423 S.W.3d 396 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Guerrero v. State*,
    01-13-00821-CR, 01-13-00822-CR,  2015 WL 2266247
    (Tex. App.—Houston [1st Dist.] May 14, 2015, no. pet. h.). . . . . . . . . passim

*Johnson v. State*,
    423 S.W.3d 385 (Tex. Crim. App. 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Landers v. State*,
    402 S.W.3d 252 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

**Statutes and Rules**:

TEX. HUM. RES. CODE ANN. § 115.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. LOC. GOV'T CODE ANN. § 133.102(e)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. APP. P. 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

STATEMENT OF THE CASES[1]

**No. 01-13-00821-CR**
**Trial cause number 1172094**

This is an appeal from a conviction for aggravated robbery. (C.R. at 58). Mr. Guerrero pleaded guilty and received deferred adjudication in March 2010. (C.R. at 33-36, 41). A motion to adjudicate was filed on March 12, 2013. (C.R. at 48). After hearing evidence, the trial court sentenced Mr. Guerrero to 20 years confinement in the Texas Department of Criminal Justice - Institutional Division. and a $10,000 fine. (C.R. at 58). Court costs were assessed on the judgment as $304. (C.R. at 58). An accompanying bill of costs lists court costs as $279.50. (C.R. at 60). Timely notice of appeal was filed. (C.R. at 62).

**No. 01-13-00822-CR**
**Trial cause number 1172095**

This is an appeal from a conviction for evading arrest with a motor vehicle. (C.R. at 59). Mr. Guerrero pleaded guilty and received deferred adjudication in March 2010. (C.R. at 35-37, 43). A motion to adjudicate was filed on March 12, 2013. (C.R. at 49). After hearing evidence, the trial court sentenced Mr. Guerrero to two years

---

[1] Each record citation is for the specific case designated because two separate records were prepared.

confinement in the State Jail Division - Texas Department of Criminal Justice. (C.R. at 59). An accompanying bill of costs lists court costs as $334.00. (C.R. at 61). Timely notice of appeal was filed. (C.R. at 63).

## STATEMENT OF THE PROCEDURAL HISTORY

In an unpublished opinion, the First Court of Appeals affirmed Mr. Guerrero's convictions in one opinion. *Guerrero v. State*, 01-13-00821-CR, 01-13-00822-CR, 2015 WL 2266247(Tex. App.—Houston [1st Dist.] May 14, 2015, no. pet. h.). No motion for rehearing was filed. After an extension of time, this petition is timely if filed on or before July 15, 2015.

## GROUND FOR REVIEW

The Court of Appeals determined that the constitutional challenge to the comprehensive rehabilitation court cost could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. Guerrero until three weeks after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of *Landers v. State*?

## REASONS FOR REVIEW

This exact issue has been granted in *London v. State*, PD 0480-15.

The First Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. TEX. R. APP. P. 66.3(c).

STATEMENT OF FACTS RELATIVE TO GROUND RAISED

In both cases Mr. Guerrero was assessed the consolidated court cost which includes subsection 6 - funds for comprehensive rehabilitation. Mr. Guerrero challenged the fee as an unconstitutional tax violating the separation of powers. *Guerrero,* 2015 WL 2266247, at *4.

*Comprehensive Rehabilitation*

Within the consolidated court cost is a the "comprehensive rehabilitation" cost with 9.8218 percent of the $133 cost going for this "court cost." TEX. LOC. GOV'T CODE ANN. § 133.102(e)(6). After the cost to the county, the amount is about $11.75. Money directed to this program is used to provide rehabilitation services to eligible individuals. *See* TEX. HUM. RES. CODE ANN. § 115.001. The money is spent at the direction of the Department of Assistive and Rehabilitative Services *Id.*

ARGUMENT

**The Court of Appeals held error was waived**.

The Court of Appeals refused to consider the issue because the constitutionality had not presented it first in the trial court:

> Here, we conclude that Guerrero forfeited his separation of powers argument by failing to raise it in the trial court, because his challenge does not constitute a denial of an absolute systemic requirement. Guerrero did not file a motion for new trial or motion in arrest of judgment challenging the constitutionality of assessing a cost to support the comprehensive rehabilitation fund.

*Guerrero* , 2015 WL 2266247, at *4.

**The error was preserved based upon precedent from this Court**.

This Court explained that challenges to court costs can be raised for the first time on appeal and "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). In a companion case decided the same day, *Johnson v. State*, the Court further explained that because the cost bill is most likely unavailable at the time of the judgment, an "Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal." *Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014).

The Court of Appeals held that *neither* of those cases allowed for a constitutional challenge on appeal:

> These cases [*Johnson and Cardenas*], however, did not address the constitutionality of court costs, and, therefore, do not support Guerrero's contention that he may assert his constitutional claim for the first time on appeal. Accordingly, we hold that Guerrero failed to preserve his constitutional challenge to Local Government Code section 133.102's allocation of funds to the comprehensive rehabilitation fund. *See Mendez*, 138 S.W.3d at 342 (except for complaints involving systemic requirements and non-waivable rights, constitutional complaints must be preserved in trial court).

*Guerrero,* 2015 WL 2266247, at *4.

**No objection was necessary in the trial court**.

This case is similar to *Landers v. State* where this Court explained that challenging the court cost for an attorney *pro tem* could be raised for the first time on appeal, holding:

> Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal.

*Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013). In *Landers*, the cost bill was available six days after the judgment and this Court explained:

> No notice of this document was given to the appellant or her attorney and no further proceedings were held. Consequently, the appellant was not given an opportunity to object to the imposition of these costs. Since she was not given the opportunity, the absence of an objection is not fatal to her appeal.

*Landers,* 402 S.W.3d at 255. This Court went on to declare that Landers was not required to object in a motion for new trial because there was no notice the cost bill had ever been created and it would "allow a judge to de facto alter the statutory time frame for motions for new trial." *Landers*, 402 S.W.3d at 255.

The cost bills in these cases were created on September 19, 2013 and September 20, 2013. The judgment was entered in both cases on August 29, 2013. Three weeks had passed. This Court has held that Mr. Guerrero was not required to

-10-

file a motion for new trial in order to preserve his challenge. The Court of Appeals erred in determining this issue was unpreserved.

PRAYER FOR RELIEF

For the reasons states above, Mr. Guerrero prays that this Court grant his petition for discretionary review.

Respectfully submitted,
**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

*Jani Maselli Wood*

_____
JANI J. MASELLI WOOD
Assistant Public Defender
Harris County, Texas
Jani.Maselli@pdo.hctx.net
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

Attorney for Appellant
Gregorio Guerrero

-11-

CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. Proc. 9.5, this certifies that on July 14, 2015, a copy

of the foregoing was emailed to Lisa McMinn, State Prosecuting Attorney, and the

Harris County District Attorney's Office through texfile.com at the following address:


Carly Dessauer
Assistant District Attorney
1201 Franklin Street, 6th Floor
Houston, TX 77002
dessauer_carly@dao.hctx.net

Lisa McMinn
Lisa.McMinn@SPA.texas.gov

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

## CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this petition complies with the type-volume limitations of TEX. R. APP. PROC. 9.4(I)(2)(D).

1.      Exclusive of the portions exempted by TEX. R. APP. PROC. 9.4 (I)(1), this petition contains 1193 words printed in a proportionally spaced typeface.

2.      This petition is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 14 point font in footnotes produced by Corel WordPerfect software.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

**Appendix A**
Opinion *Guerrero v. State*

2015 WL 2266247
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND
SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).

Court of Appeals of Texas,
Houston (1st Dist.

Gregorio Guerrero, Appellant
v.
The State of Texas, Appellee
NO. 01–13–00821–CR, NO. 01–13–00822–CR |
Opinion issued May 14, 2015

On Appeal from the 339th District Court, Harris County,
Texas, Trial Court Case Nos. 1172094 & 1172095

Attorneys and Law Firms

Jani Wood, for Appellant.

Alan Curry, Carly Dessauer, Devon Anderson, for State of
Texas.
Panel consists of Justices Keyes, Huddle, and Lloyd.

MEMORANDUM OPINION

Rebeca Huddle, Justice

*1 Appellant Gregorio Guerrero was charged by indictment
with aggravated robbery with a deadly weapon and evading
arrest. He pleaded guilty, and the trial court deferred his
adjudication. Three years later, the State filed a motion to
adjudicate Guerrero's guilt, alleging that he had violated his
community supervision conditions. After conducting a
hearing on the State's motion, the trial court found the State's
allegations true and sentenced Guerrero to 20 years'
confinement for the aggravated robbery charge and two years'
confinement for the evading arrest charge, with the sentences
to run concurrently. In two issues, Guerrero contends that the
trial court erred in (1) unconstitutionally interfering with plea
negotiations, which violated his right to due process and to
have the proceeding adjudicated by a neutral and detached
judge, and (2) assessing an unconstitutional court cost against
him because the "consolidated court cost" authorized by
Texas Local Government Code section 133.012(a)(1) violates
the Texas Constitution. We affirm.[1]
Background

The State moved to adjudicate Guerrero's guilt on his
aggravated robbery and evading arrest charges in March
2013. The trial court conducted a hearing on the State's
motion. At the beginning of the hearing, the trial court asked

Guerrero whether he and the State had reached a plea bargain.
The following exchange occurred:

THE COURT: Okay. All right. I remember the Court did
offer you—make you give a recommendation or give you a
recommended offer; is that correct?

APPELLANT'S COUNSEL: That is correct.

THE COURT: What was the offer?

APPELLANT'S COUNSEL: Previous offer by the State was
ten years.

PROSECUTOR: That's correct, Judge, on all three cases,
both the aggravated robbery prior, the evading arrest prior
and the aggravated robbery that is currently pending. And he's
turned all of that down.

THE COURT: Okay. So do you understand that going
forward, the State has witnesses and this Court is going to
hear all of the testimony. And you received probation on a
first degree felony aggravated robbery with a deadly weapon,
which the maximum amount you can receive is ninety-nine
years, or life, in prison. You understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And is it your desire to reject the State's
offer of ten years and go forward with the hearing?

THE DEFENDANT: Yes, ma'am.

Following that exchange, the State presented its evidence
showing that Guerrero violated his community supervision
conditions. The trial court found all of the State's allegations
true and sentenced Guerrero to 20 years' confinement for the
aggravated robbery charge and two years' confinement for the
evading arrest charge, with the sentences to run concurrently.
That same day, on August 29, 2013, the trial court entered
judgment and assessed $304 in court costs for the aggravated
robbery conviction and $334 in court costs for the evading
arrest conviction. Approximately 20 days later, on September
19 and 20, the district clerk issued a bill of cost for each
conviction, which assessed $133 as a "consolidated court
cost." Guerrero did not file a motion for new trial.

Guerrero failed to preserve any complaint regarding plea
negotiations

*2 In his first issue in appellate cause number
01–13–00821–CR, Guerrero contends that the trial court
violated his right to due process and to have his case
adjudicated by a neutral and detached judge because the trial
court interjected itself in the plea-bargaining process. The

State contends that Guerrero failed to preserve this issue. We agree with the State.

Generally, to preserve a complaint for appellate review, a party must make a timely and specific request, objection, or motion in the trial court and obtain an adverse ruling from the trial court. Tex.R.App. P. 33.1(a). Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). *Mendez v. State,* 138 S.W.3d 334, 342 (Tex.Crim.App.2004). The improper intrusion by a trial court into the plea-bargaining process is not systemic error and may not be brought for the first time on appeal. *Moore v. State,* 295 S.W.3d 329, 333 (Tex.Crim.App.2009).

We conclude that Guerrero failed to preserve his complaint that the trial court unconstitutionally interfered with the plea-bargaining process. At the beginning of the hearing, the trial court asked Guerrero whether he and the State had reached a plea bargain. The trial court stated "I remember the Court did offer you—make you give a recommendation or give you a recommended offer; is that correct?" Although that statement is unclear, the record makes clear that the trial court was referring to a plea offer made by the State. Guerrero's trial counsel stated that the "[p]revious offer by the State was ten years." Additionally, when the trial court asked Guerrero if he wished to reject the plea and continue with the hearing, he answered "Yes, ma'am." According to Guerrero, the trial court's reference to "the court's offer" constituted an improper interjection in the pleabargaining process, which violated his right to due process and to have the proceeding adjudicated by a neutral and detached judge.

However, Guerrero did not complain to the trial court that the court improperly interjected itself into the plea-bargaining process. Likewise, Guerrero made no objection that the trial court's comments and questions violated his due process rights. Accordingly, we conclude that Guerrero failed to preserve any complaint regarding the trial court interjecting itself into the plea-bargaining process. *See* Tex.R.App. P. 33.1(a); *Anderson v. State,* 301 S.W.3d 276, 280 (Tex.Crim.App.2009) ("[O]ur prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Moore,* 295 S.W.3d at 333 (holding appellant failed to preserve issue because he did not object to trial court's allegedly improper intrusion into pleabargaining process).

We overrule Guerrero's first issue in appellate cause number 01–13–00821–CR.

### Constitutionality of the "comprehensive rehabilitation" fund in Local Government Code section 133.102

In his second issue in appellate cause number 01–13–00821–CR and sole issue in appellate cause number 01–13–00822–CR, Guerrero contends the "comprehensive rehabilitation" fund authorized by Local Government Code section 133.102 amounts to an unconstitutional tax because it "does not relate[ ] back to the courts" and, therefore, collecting funds for the "comprehensive rehabilitation" fund violates the separation of powers clause of the Texas Constitution. *See* Tex. Const. art. II, § 1.

### A. Standard of Review

*3 When reviewing a constitutional challenge, we presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it. *State v. Rosseau,* 396 S.W.3d 550, 557 (Tex.Crim.App.2013); *Curry v. State,* 186 S.W.3d 39, 42 (Tex.App.–Houston [1st Dist.] 2005, no pet.); *see also State ex. rel. Lykos v. Fine,* 330 S.W.3d 904, 908–09 (Tex.Crim.App.2011). We must uphold the statute if it can be "reasonably construed in a manner consistent with the legislative intent and is not repugnant to the Constitution." *Curry,* 186 S.W.3d at 42. When statutory authority exists to sustain a constitutional reading of a statute, we favor that interpretation over any other. *See id.*; *see also Ex parte Granviel,* 561 S.W.3d 503, 511 (Tex.Crim.App.1978) (en banc) ("Every reasonable intendment and presumption will be made in favor of the constitutionality and validity of a statute, until the contrary is clearly shown.") (citation omitted); *Oakley v. State,* 807 S.W.2d 378, 381 (Tex.App.–Houston [14th Dist.] 1991) ("If a statute is capable of two constructions, one of which sustains its validity, this court will uphold the interpretation that sustains its validity."), *aff'd,* 830 S.W.2d 107 (Tex.Crim.App.1992).

The party challenging the statute bears the burden of establishing the statute's unconstitutionality. *Rosseau,* 396 S.W.3d at 557. "A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App.1992) (en banc).

### B. Applicable Law

Section 133.102(a)(1) of the Texas Local Government Code mandates that a person convicted of a felony must pay $133 "as a court cost, in addition to all other costs." Tex. Loc. Gov't Code Ann.. § 133.102(a)(1) (West Supp.2014). The collected amounts must be remitted to the state comptroller, who in turn must allocate this money to 14 specified "accounts and funds." The statute provides that 9.8218 percent of the $133 cost is allocated to the "comprehensive rehabilitation" fund. *See id.* § 133.102(e)(6) (West Supp.2014). Subsection (e) provides that the designated funds "may not receive less than" certain specified percentages of the collected amounts. *Id.* Additionally, section 133.058 permits a municipality or county to retain 10 percent of collected amounts as a "service fee." *Id.* § 133.058(a) (West Supp.2014).

### C. Analysis

Guerrero contends that section 133.102 violates the separation of powers clause of the Texas Constitution because it requires a convicted felon to pay the cost of "comprehensive rehabilitation," which is unrelated to any function of the courts. Guerrero contends that he may raise his constitutional challenge to the court cost for the first time on appeal. We agree with the State that Guerrero may not assert his constitutional claim for the first time on appeal and he therefore waived any constitutional challenge to Local Government Code section 133.102.

Ordinarily, to preserve error, there must be a timely, specific objection and an adverse ruling by the trial court. Tex.R.App. P. 33.1; see Lozano v. State, 359 S.W.3d 790, 823 (Tex.App.–Fort Worth 2012, pet. ref'd) ("To be timely, an objection must be made as soon as the basis for the objection becomes apparent."). Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). Mendez v. State, 138 S.W.3d 334, 342 (Tex.Crim.App.2004).

"Examples of rights that are waivable-only include the rights to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation which a statute specifically made waivable-only." Aldrich v. State, 104 S.W.3d 890, 895 (Tex.Crim.App.2003) (en banc). "Absolute systemic requirements [that may not be waived] include jurisdiction of the person [and] the subject matter, and a penal statute's being in compliance with the Separations of Powers Section of the state constitution." Id. Violation of these non-waivable absolute systemic rights constitutes fundamental error. McLean v. State, 312 S.W.3d 912, 916 (Tex.App.–Houston [1st Dist.] 2010, no pet.).

*4 Here, we conclude that Guerrero forfeited his separation of powers argument by failing to raise it in the trial court, because his challenge does not constitute a denial of an absolute systemic requirement. Guerrero did not file a motion for new trial or motion in arrest of judgment challenging the constitutionality of assessing a cost to support the comprehensive rehabilitation fund. See Salinas v. State, 426 S.W.3d 318, 325–26 (Tex.App.–Houston [14th Dist.] 2014, pet. granted) (analyzing constitutional challenge where appellant raised issue of constitutionality of Local Government Code section 133.102 in motion for new trial and motion in arrest of judgment); Peraza v. State, —— S.W.3d ——, Nos. 01–12–00690–CR & 01–12–00691–CR, 2014 WL 7476214, at *1 (Tex.App.–Houston [1st Dist.] Dec. 30, 2014, pet. granted) (analyzing constitutional challenge to "DNA Record Fee" where appellant filed motions for new trial and in arrest of judgment). Separation of powers arguments must be preserved in the trial court. See, e.g., Russell v. State, No. 02–11–00478–CR, 2013 WL 626983, at *2 (Tex.App.–Fort Worth Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication); Boone v. State, 60 S.W.3d 231, 236 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd), cert. denied, 537 U.S. 1006 (2002).

An exception arises if the appellant raises a separation of powers challenge to a penal statute for the first time on appeal. See Aldrich, 104 S.W.3d at 895. Guerrero, however, does not challenge a penal statute. Rather, he contends that Local Government Code section 133.102 violates the separation of powers clause because it improperly allocates funds to the comprehensive rehabilitation fund, which amounts to an unconstitutional tax. See id. (absolute systemic requirements include penal statute's compliance with separation of powers clause of Texas Constitution). Accordingly, we conclude that Guerrero failed to preserve his separation of powers argument. See Gamble v. State, Nos. 02–13–00573–CR & 02–13–00574–CR, 2015 WL 221108, at *4 (Tex.App.–Fort Worth Jan. 15, 2015, pet. ref'd) (mem. op., not designated for publication) (appellant's failure to preserve issue in trial court forfeited argument on appeal that his form of community supervision violated separation of powers because he did not contend that a penal code section violated separation of powers).

In support of his position that he may raise his separation of powers argument for the first time on appeal, Guerrero relies on Cardenas v. State, 423 S.W.3d 396 (Tex.Crim.App.2014) and Johnson v. State, 423 S.W.3d 385 (Tex.Crim.App.2014), in which the Court of Criminal Appeals held that a defendant may challenge the sufficiency of the evidence to support the assessment of court costs for the first time on appeal. The Court of Criminal Appeals explained that "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." Cardenas, 423 S.W.3d at 399; see also Johnson, 423 S.W.3d at 391 ("Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal."). These cases, however, did not address the constitutionality of court costs, and, therefore, do not support Guerrero's contention that he may assert his constitutional claim for the first time on appeal. Accordingly, we hold that Guerrero failed to preserve his constitutional challenge to Local Government Code section 133.102's allocation of funds to the comprehensive rehabilitation fund. See Mendez, 138 S.W.3d at 342 (except for complaints involving systemic requirements and non-waivable rights, constitutional complaints must be preserved in trial court).

*5 We overrule Guerrero's second issue in appellate cause number 01–13–00821–CR and sole issue in appellate cause number 01–13–00822–CR.

Conclusion

We affirm the judgments of the trial court.

All Citations

Not Reported in S.W.3d, 2015 WL 2266247

Footnotes

1    1 Appellate cause number 01–13–00821–CR is the appeal from the conviction for aggravated robbery (trial court number 1172094), and appellate cause number 01–13–00822–CR is the appeal from the conviction for evading arrest (trial court cause number 1172095). We address all of Guerrero's points of errors in both cases in this opinion.

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.