ACCEPTED
12-15-00120-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/3/2015 9:32:30 AM
Pam Estes
CLERK

CASE NO. 12-15-00120-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

11/3/2015 9:32:30 AM

PAM ESTES
Clerk

IN THE TEXAS APPELLATE COURT 12th DISTRICT
SMITH COUNTY, TEXAS

JAMES D. BRANCH, II v. ELIZABETH MARLENE BRANCH

On Appeal from

ANDERSON COUNTY COURT AT LAW
Anderson County, Texas

(Trial Court No. 11821)

Honorable JEFF DORAN

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

1 | P a g e

## PARTIES

*JAMES D. BRANCH, II, APPELLANT*

*Mr. Lynn E. Markham*
*608 East Houston Ave.*
*PO Box 879*
*Crockett, Texas 75835*

*Mark W. Cargill*
*Attorney for Appellant*
*701 N. Elm*
*Palestine, Texas 75801*
SBN: 00787201

## **TABLE OF CONTENTS**

Page

Table of Contents……………………………………………………………….……  3

Index of Authorities……………………………………………………………….…  4

Statement of the Case……………………………………………………………..….  6

Issues Presented:  Issue Number One…………………………………………….……  6

Statement of  Jurisdiction………………………………………………………….……  6

Statement of Facts …………………………………………………………………..….  6, 7

Summary of Argument………………………………………………………….………  7

Argument …………………………………………………………………………….…  7

Prayer………………………………………………………………………….…………  8

Certificate of Service……………………………………………………………….…..  8

**INDEX OF AUTHORITIES**

*Statutes*

Tx. Govt. Code Sec. 22.201 (m)

*State Cases*

> **Mosley v. Page**, *822 SW 2d 779, 786 (Tex. App. – Dallas 1990, no writ)*

> **Waisath v. Locks' Stores, Inc**., *474 SW 2d 444 (Tex. 1971)*

> **Ligon v. E.F. Hutton and Co**., *428 SW 2d 434, (Tex. Civ. App. – Dallas, 1978, writ ref'd n.r.e.)*

*Other Authorities*

Restatement (second) of Torts, 22A

CASE NO. 12-15-00120-CV


IN THE TEXAS APPELLATE COURT 12 DISTRICT
SMITH COUNTY, TEXAS


JAMES D. BRANCH, II V. ELIZABETH MARLENE BRANCH


On Appeal from


ANDERSON COUNTY COURT AT LAW
Anderson County, Texas

(Trial Court No. 11821)

Honorable JEFF DORAN

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

## STATEMENT OF CASE

This is an appeal from a bench trial held on November 20, 2014, concerning conversion of property.

Notice of appeal was timely filed. The clerk's record and reporter's record were both filed. This brief has been filed within the requested time frame of this court.

## ISSUES PRESENTED

*Issue No. One*

The trial court wrongfully denied Plaintiff's request for damages resulting from conversion by defendant by not recognizing defendant's duty as bailee of plaintiff's property.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under Tx. Govt. Code Section 22.201 (m), in that the bench trial was held in the County Court at Law of Anderson County, Texas which is in the Court's appeals district.

## STATEMENT OF FACTS

Plaintiff owned a safe which he had permission to store in a building owned by Defendant. The building burned, but the safe remained on the slab of the building. (RR Vol. 1, page 15, 34-36, 38). Plaintiff relied on Defendant's assurance the safe would be secure.

Defendant gave permission for two unknown men to remove the safe from the property because Defendant was told that Plaintiff had given the safe to them. (RR Vol. 1, page 21, and pages 36-36). Plaintiff confronted Defendant immediately upon observing the safe was missing and contacted law enforcement. (RR Vol. 1, page 15-16). Defendant admitted she should have notified Plaintiff and had duty to do so. (RR Vol. 1, pages 36-39).

## SUMMARY OF ARGUMENT

Defendant became a bailee upon accepting the property of Plaintiff and agreeing to allow it to stay on her property. Defendant had duty to reasonably keep property secure.

## ARGUMENT

Defendant claims she owed no duty to Plaintiff because she did not know the contents of the safe entrusted her. (RR Vol. 1, page 39). Defendant's duty is not determined by her intent or knowledge. Restatement (second) of Torts, 22A, **Mosley v. Page**, 822 SW 2d 779, 786 (Tex. App. – Dallas 1990 no writ).

The fact that she did not know the contents of the safe, or its value, is not relevant or material. *Mosley v. Page ante*

Further, Defendant claims that conversion did not exist because she received no value from giving the safe to unknown persons is immaterial. (RR Vol. 1, page 38-39). **Waisath v. Locks' Stores, Inc.** *474 SW 2d 444 (Tex. 1971)*, **Ligon v. E.F. Hutton and Co**., *428 SW 2d 434 (Tex. Civ. App. - Dallas, 1978, writ ref'd n.r.e.).*

**PRAYER FOR RELIEF**

For the reasons stated, JAMES D. BRANCH, II, appellant requests this Court to overturn the Court's verdict and order a new trial and that this Court grant such other relief to which appellant may be justly entitled.

Respectfully submitted,

**CARGILL & ASSOCIATES**

BY:    /s/Mark W. Cargill
        Mark W. Cargill
        SBN:  00787201
        701 N. Elm
        Palestine, Texas 75801
        Telephone:  903/729-8011
        Facsimile:  903/729-5112
        cargillaw@earthlink.net

*Attorney for Appellant*

**CERTIFICATE OF SERVICE**

This is the certify that on November 2, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Anderson County, and all other interested parties, by hand delivery, mail, and/or facsimile and regular mail.

/s/ Mark W. Cargill
Mark W. Cargill

**Word Count**

On this 2nd day of  November 2015, I, Mark W. Cargill, hereby certifies that this brief has a word count of  816.

/s/ Mark W. Cargill
Mark W. Cargill